UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL M. DIXON,

      Plaintiff,

v.

      Case No. 23-cv-12469
      Hon. Matthew F. Leitman

MICHIGAN DEPARTMENT
OF CORRECTIONS,

      Defendant.
_____/

### ORDER SUMMARILY DISMISSING COMPLAINT WITHOUT PREJUDICE

Plaintiff Samuel Dixon is a state inmate currently incarcerated at the Macomb Correctional Facility in New Haven, Michigan. On September 29, 2023, Dixon filed a civil-rights action in this Court against Defendant the Michigan Department of Corrections. (*See* Compl., ECF No. 1.) Dixon also filed an application to proceed *in forma pauperis* in this action. (*See* Application, ECF No. 2.)

On October 4, 2023, Magistrate Judge David R. Grand issued an order that explained to Dixon that his application to proceed *in forma pauperis* was incomplete (the "Deficiency Order"). More specifically, Magistrate Judge Grand told Dixon that "although [Dixon] ha[d] submitted an application to proceed without prepayment of fees, the application [did] not include a financial certificate signed by [Dixon's] custodian or designee." (Order, ECF No. 4, PageID.21-22.) And

1

Magistrate Judge Grand told Dixon that "[a]n uncertified trust fund account statement, or one that lacks a signature, is insufficient to satisfy the filing requirements for permitting a prisoner to proceed *in forma pauperis*." (*Id.*, PageID.22.) In addition, Magistrate Judge Grand informed Dixon that to proceed *in forma pauperis,* Dixon needed to "file a certified copy of [his] trust fund account statement for […] the six month period immediately preceding the filing of the complaint […], obtained from the appropriate official of each jail or prison at which [Dixon] is or was confined." (*Id.*)

Magistrate Judge Grand then presented Dixon two options. First, Dixon could pay the required filing and administrative fees, in full. Second, Dixon could "provide a financial certificate signed by [his] custodian or designee and a current computerized trust fund statement of account showing the history of the financial transactions in [his] institutional trust fund account for the last six months." (*Id.*) Dixon was then told that if he did not either pay the identified fees or provide the required documents within 30 days, his Complaint would be dismissed. (*See id.*) Dixon therefore had until November 3, 2023, to either pay the fees or submit the required *in forma pauperis* documentation.

Dixon has not responded to the Deficiency Order as directed. He has not paid the identified fees. Nor has he submitted the required certificate and account statement. Finally, Dixon has not contacted the Court to ask for additional time to

2

respond to the Deficiency Order. Under these circumstances, the Court "must presume that [Dixon] is not a pauper and assess the inmate the full amount of fees. The district court must then order the case dismissed for want of prosecution." *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock,* 549 U.S. 199 (2007). *See also Erby v. Kula*, 113 F. App'x 74, 75-76 (6th Cir. 2004) (affirming dismissal of prisoner civil-rights complaint for "want of prosecution" where prisoner failed to respond to deficiency order and failed to submit required *in forma pauperis* documentation to the district court).

Accordingly, for all of the reasons explained above, the Court **DISMISSES** Dixon's Complaint **WITHOUT PREJUDICE** for want of prosecution based upon Dixon's failure to comply with the Deficiency Order. Nothing in this order shall preclude Dixon from filing a new civil-rights complaint under a new case number so long as he pays the filing and administrative fees or provides the complete and correct documentation described above necessary to proceed *in forma pauperis.*

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: November 21, 2023

3

     I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 21, 2023, by electronic means and/or ordinary mail.

                                        s/Holly A. Ryan  
                                        Case Manager  
                                        (313) 234-5126